IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

YISEL MARLENIS BATISTA ARMERO,

      Petitioner,

v.

                                           Case No. 2:26-cv-02013 KWR-GBW

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso,*
*U.S. Immigration and Customs Enforcement,*
TODD LYONS, *Acting Director,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

      Respondents.

### ORDER GRANTING IN PART HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 2). Petitioner is a noncitizen in ICE detention.  At issue is whether Petitioner should be granted a bond hearing under 8 U.S.C. § 1226(a), or whether she is mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). As explained below, the Court concludes that Petitioner's detention is governed by the discretionary detention provision under § 1226(a) as she is not seeking admission into the United States, and she is entitled to a bond hearing. *See Santillan Quiroz v. Mullin*, No. 26-6019, ---F.4th ---, 2026 WL 1876709 (10th Cir. June 30, 2026). Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is well-taken and therefore is **GRANTED in part.** The Court orders Respondents to hold an individualized bond hearing for Petitioner within **seven (7) days** of the entry of this order.

## BACKGROUND

Petitioner is a citizen of Cuba in ICE detention at the Otero County Processing Center. She asserts she was detained by ICE on June 9, 2026. Petitioner entered the United States on August 14, 2022 and released on recognizance. Respondents admit that Petitioner was released on her own recognizance under 8 U.S.C. § 1226. Doc. 8 at 1-2. Petitioner was ordered removed, and she has appealed that determination to the BIA. The parties assert that her appeal remains pending.

Petitioner asserts that her detention without a bond hearing violates the INA and due process.

On September 5, 2025, the Board of Immigration Appeals issued a decision holding that immigration judges lack authority or jurisdiction to consider bond requests for any person who entered the United States without admission. *Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission."). In sum, it appears that Petitioner has remained in federal immigration custody without an opportunity to have a bond hearing because her detention has been classified as mandatory under 8 U.S.C. § 1225(b).

Respondents assert that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). However, they acknowledge that this case is governed by *Santillan Quiroz v. Mullin*, No. 26-6019, ---F.4th ---, 2026 WL 1876709 (10th Cir. June 30, 2026), and under this precedent Petitioner is instead entitled to a bond hearing under 8 U.S.C. § 1226(a). Nevertheless, they oppose the issuance of a writ. Respondents do not assert that Petitioner is mandatorily detained under § 1225(b)(1), and therefore the Court assumes she is not detained thereunder.

## LEGAL STANDARD

2

Petitioner seeks release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

**DISCUSSION**

**I.** **The discretionary detention provision under 8 U.S.C. § 1226(a) applies to Petitioner, rather than the mandatory detention provision under 8 U.S.C. § 1225(b)(2)(A).**

Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a) as she has been present in the United States for years and is not seeking admission into the United States. Mandatory detention under § 1225(b)(2)(A) only applies to noncitizens "seeking admission" into the United States. Despite this statutory language, Respondents in other cases have argued that the mandatory detention provision under § 1225(b)(2)(A) applies here, as that provision covers not only those who present themselves at the border, but any noncitizen who is present in the United States without admission, pending a decision on removal. *See, e.g., Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission."). Here, Petitioner was detained while present in the United States. She lived in the United States for years prior to her detention, and Respondents do not assert that she was detained at the border or detained while attempting to enter the United States. As the Tenth Circuit has concluded (and as this court has repeatedly

3

explained in prior opinions), the statutory phrase "seeking admission" cannot be interpreted to apply to Petitioner, who has lived in the United States for years. *Santillan Quiroz v. Mullin*, No. 26-6019, ---F.4th ---, 2026 WL 1876709 (10th Cir. June 30, 2026); *See also Barry v. Lyons*, No. 1:26-CV-00504-KWR-KRS, 2026 WL 926218, at *2-5 (D.N.M. Apr. 6, 2026); *Abdikadir v. Mullin,* No. 1:26-CV-00634 KWR-JMR, 2026 WL 895661, at *2-6 (D.N.M. Apr. 1, 2026). Therefore, Petitioner is entitled to a bond hearing under § 1226(a).[1]

## II.    **<u>The Court finds that a bond hearing is an appropriate remedy</u>.**

Petitioner asserts that she should be released. As explained below, the Court orders a bond hearing. Petitioner did not carry her burden to show that the Court is required to release her rather than order a bond hearing. Moreover, she did not demonstrate that the Court should shift the burden at any bond hearing to the Respondents. As explained below, relying in part on the burden of proof and the principle of party presentation, the Court declines to immediately release Petitioner. Therefore, exercising its discretion under § 2241, the Court will order an individualized bond hearing.

Petitioner bears the burden of proof of showing that she is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the

---

[1] Respondents do not argue that Petitioner was paroled into the United States under 8 U.S.C. § 1182(d)(5)(A), state that her parole was revoked, or argue that upon the revocation of her parole she was returned to her custody status at the border.  Respondents also do not argue that Petitioner is mandatorily detained under some other provision other than § 1225(b)(2)(A).

Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Section 1226(a) affords Respondents discretion to detain, release on bond, or parole a noncitizen. Notably, this section does not expressly provide a statutory right to immediate release. Generally, the release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings,* 583 U.S. at 295. Discretionary bond decisions are generally not reviewable. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL

5

574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…").

To be sure, federal district courts have broad equitable power in ordering habeas relief. *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). A federal court is vested with "the largest power to control and direct the form of judgment to be entered in cases brought up before it on *habeas corpus*." *Hilton v. Braunskill,* 481 U.S. 770, 775 (1987) (citation omitted). "Federal habeas corpus practice ... indicates that a court has broad discretion in conditioning a judgment granting habeas relief." *Id.* In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243; *see also Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (noting that § 2243 gives district courts "broad discretion to craft appropriate habeas relief."). "Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971). It is the "nature of the violation" that "determines the scope of the remedy." *Id.* at 16. Generally, the Court has authority to order release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

Here, the Court in its discretion would order a bond hearing, as an individualized bond hearing would provide Petitioner with the process she is due under the statute. *See* § 1226(a) (providing that the Attorney General *may* continue to detain a noncitizens pending a decision on removal or *may* release the noncitizen on bond or parole); *see Martinez Escobar v. Baltazar*, No. 26-CV-00296-NYW, 2026 WL 503313, at *4 (D. Colo. Feb. 24, 2026) (ordering bond hearing rather than immediate release where due process rights were violated by respondents' failure to apply § 1226(a) discretionary detention provisions); *Gutierrez v. Garcia*, No. 2:25-CV-001145-

WJ-KRS, 2026 WL 310064, at \*5 (D.N.M. Feb. 5, 2026) (noting that process due is an individualized bond hearing); *Velasquez Salazar v. Dedos*, No. 1:25-cv-835, 2025 WL 2676729, at \*5 (D.N.M. Sep. 17, 2025) ("Because ... § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ."). Moreover, in a similar case the Tenth Circuit directed a district court on remand to "order the Government to, within seven days of such order, either provide [petitioner] with a bond hearing or else release him." *Santillan Quiroz v. Mullin*, No. 26-6019, ---F.4th ---, 2026 WL 1876709, at \*17 n.13 (10th Cir. June 30, 2026).

Petitioner does not argue or demonstrate in her Petition that any due process or constitutional violation *requires* her release. She does not cite to any standard or law the Court should apply in deciding whether a due process violation requires her release.  For example, should the Court apply the *Mathews* test in determining whether she should be immediately released, and if so, how does the *Mathews* test apply to the facts of this case to warrant her immediate release? The Court therefore declines to *sua sponte* analyze whether a hypothetical constitutional claim requires her release over a bond hearing, as this issue was not properly argued or presented to the Court. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."). The principle of party presentation is particularly appropriate here, where this district

court is overwhelmed with habeas petitions, and petitioners request that the Court rule immediately. If the Court were to act as Petitioner's counsel and make arguments or do research on her behalf, it would prejudice other petitioners by delaying a ruling on their petitions. Therefore, Petitioner has not properly placed before the Court the issue of whether she must be immediately released, or she has not carried her burden.

Accordingly, the Court finds that the proper remedy is an individualized bond hearing pursuant to § 1226(a). If Respondents fail to provide an individualized bond hearing within seven days of the entry of this order, they shall release Petitioner.

Moreover, Petitioner does not argue or explain why the Court should shift the burden to Respondents on the issues of flight and dangerousness at the bond hearing, and the Court declines to *sua sponte* analyze this issue.

### III.    Petitioner's remaining claims.

Because the Court grants habeas relief, the Court need not grant her other claims or enter a declaration. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (finding it unnecessary to address an additional claim in a habeas petition after granting full relief on one claim because "any relief [petitioner] could obtain on that claim would be cumulative."); *Scott v. Mullin*, 303 F.3d 1222, 1224 (10th Cir. 2002) (declining to address the remaining claims in a habeas petition after already granting habeas relief on one claim). Generally, a district court should avoid ruling on constitutional claims if it is not necessary to decide them. *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) (stating that "[a] fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."). Here, Petitioner asserts various constitutional claims. As explained

above, she has not demonstrated that she is entitled to release over a bond hearing. Therefore, she has received all relief to which she is entitled.

If Petitioner seeks attorney fees, she should file an appropriate application under the EAJA procedures.

## CONCLUSION

The Court concludes that Petitioner's detention pending a decision on whether she should be removed from the United States is governed by § 1226(a) as opposed to § 1225(b)(2)(A). Accordingly, the Petition (Doc. 2) is granted in part. Respondents are directed to arrange an individualized bond hearing pursuant to § 1226(a) for Petitioner before an immigration judge within **seven (7) days** of the entry of this Order. **Respondents shall not deny Petitioner bond or parole on the basis that § 1225(b) requires mandatory detention.** If Respondents do not provide her an individualized bond hearing in seven days, they shall release her. *See Santillan Quiroz v. Mullin*, No. 26-6019, ---F.4th ---, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026) (directing the district court on remand to "order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").[2] However, the Court makes no determination whether or when in the future § 1231 applies to her detention, as it was not briefed or raised in the Petition. The Court will enter a separate judgment.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 2) is hereby **GRANTED in part** for the reasons described in this Order.

**IT IS FURTHER ORDERED** that Respondents shall provide an individualized bond hearing before an immigration judge for Petitioner pursuant to § 1226(a), as opposed to § 1225(b),

---

[2] However, if Petitioner requests an extension of time to hold the bond hearing, that extension will not be held against the Respondents.

within **seven (7) days** of the entry of this order, provided that the Court makes no determination whether or when in the future § 1231 detention provisions may apply. If Respondents do not provide an individualized bond hearing within seven days of the entry of this order, they shall release her.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE